JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Russell Ford, appeals from the judgment of the Common Pleas Court, entered after a guilty plea, finding him guilty of sexual battery, determining that he is a sexual predator, and sentencing him to five years incarceration. Ford contends that the evidence adduced at the sexual offender classification hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. He further contends that the trial court erred in sentencing him to the maximum term of incarceration. Finding no merit to Ford's appeal, we affirm.
 {¶ 2} Ford was originally indicted in this case on a three-count indictment for rape, kidnapping and intimidation. He was also indicted for drug possession in a separate case. Pursuant to a plea agreement with the State, Ford pled guilty to one count of sexual battery, in violation of R.C. 2907.03(A)(1), and the kidnapping, intimidation and drug possession charges were dismissed.
 {¶ 3} After a sexual offender classification hearing, the trial court found Ford to be a sexual predator. The court then sentenced him to the maximum term of five years incarceration.
 SEXUAL PREDATOR DETERMINATION {¶ 4} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.State v. Eppinger (2001), 91 Ohio St.3d 158, 163, citing R.C.2950.01(E) and 2950.09(B)(3).
 {¶ 5} The standard of clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 6} In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(3). These factors include, but are not limited to, the offender's age and prior criminal record, the age of the victim, whether the sex offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender completed a sentence for any conviction, whether the offender participated in any available program for sex offenders, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 7} The court is to discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v.Thompson (2001), 92 Ohio St.3d 584, 588. Nonetheless, the trial court is not required to "tally up or list the statutory factors in any particular fashion." See State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v.Grimes (2001), 143 Ohio App.3d 86, 89.
 {¶ 8} In his first assignment of error, Ford contends that the trial court erred in finding him to be a sexual predator because the evidence presented at the hearing was insufficient to establish by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. We disagree.
 {¶ 9} At the sexual offender classification hearing, the State presented a sexual predator evaluation completed by Michael Caso, chief psychiatric social worker at the Court Psychiatric Clinic, shortly before the hearing. Caso's report indicated that he had interviewed Ford for approximately one and one-half hours and given him the Static-99 Test, an actuarial instrument designed to estimate the probability of sexual recidivism among adult males convicted of at least one sexual offense. Ford's score on the Static-99 was in the moderate-high risk category, which equated to an actuarially-determined recidivism rate of 26% in five years, 31% in ten years and 36% in fifteen years.
 {¶ 10} Caso's report also indicated that Ford presented with three risk factors significantly correlated with sexual offense recidivism: 1) he was convicted of a prior sexual offense in 1990 (fondling the breasts of his 16-year-old neighbor); 2) he had numerous other prior arrests and convictions for theft, fraud, robbery, resisting arrest and drug possession; and 3) the victim of the prior sexual offense was not related to him.
 {¶ 11} The State also presented a presentence investigation report completed by the Probation Department. This report listed Ford's numerous prior arrests and convictions. It also contained a summary of the victim's statement regarding Ford's current offense. The 14-year-old victim stated that she woke one morning to find Ford, her cousin, on top of her with "his stuff" inside her. When she tried to get Ford off of her, he told her that if she screamed, he would kill her mother. As the victim started to move around, her younger sister, who was in the bed next to her, also started to move about and Ford left the room.
 {¶ 12} Finally, the State presented the LEADS printout of Ford's prior arrests and convictions, which indicated that, in addition to many other arrests and convictions from 1986 to the present, Ford had a 1990 conviction, upon his guilty plea, for a misdemeanor involving sexual contact.
 {¶ 13} We agree with the trial judge that the State met its burden of proving by clear and convincing evidence that Ford is likely to sexually reoffend in the future. Although Ford argues that "few of the factors listed in R.C. 2950.09(B)(3) apply to [him]," at least six of the factors identified in the statute apply. As the trial judge noted, the disparity between Ford's age and the age of the victim is significant because it indicates that Ford took advantage of a victim who by her age was relatively helpless. R.C. 2950.09(B)(3)(a) and (c). As the judge also noted, Ford displayed cruelty toward the victim because he threatened to kill her mother if she screamed while he raped her. R.C. 2950.09(B)(3)(i). In addition, Ford took advantage of his position as a guest in the victim's house and raped his own cousin. R.C. 2950.09(B)(3)(h). Significantly, the victim wrote a letter to the court in which she indicated that she continues to suffer emotional distress as a result of what happened to her.
 {¶ 14} In finding Ford to be a sexual predator, the trial judge also found that Ford had an extensive prior criminal record which dated back to 1986 and included a guilty plea at age 22 to another sexually oriented offense. R.C. 2950.09(3)(b). The trial judge also found that the sentences imposed for Ford's prior convictions neither deterred nor changed his behavior. In fact, Ford committed the instant offense while he was on probation for another offense. R.C. 2950.09(B)(3)(f). Finally, the sexual predator evaluation from the Court Psychiatric Clinic indicated that Ford has a medium to high risk of reoffending.
 {¶ 15} Ford offered no evidence whatsoever at the sexual offender classification hearing to rebut any of the State's evidence. On this record, there was an adequate basis for the trial court's determination that Ford is a sexual predator.
 {¶ 16} Appellant's first assignment of error is therefore overruled.
 MAXIMUM SENTENCE {¶ 17} Ford pled guilty to sexual battery, a third degree felony punishable by a prison term of one to five years, in one-year increments, and up to a $10,000 fine. In his second assignment of error, Ford contends that the trial court erred in imposing the maximum term of incarceration.
 {¶ 18} R.C. 2929.14(C) specifies when a court may impose a maximum prison term:
 {¶ 19} "* * * The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 20} Thus, to impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. State v. Hollander (2001), 144 Ohio App.3d 565,569. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Id., citing State v. Assad (June 11, 1998), Cuyahoga App. No. 72648.
 {¶ 21} Here, in accordance with R.C. 2929.14(C), the trial court found that Ford had committed the worst form of sexual battery and posed the greatest likelihood of recidivism, warranting the maximum sentence. The court stated:
 {¶ 22} "* * * [U]nder 2929.14(C), this Court finds that the maximum sentence should be imposed because the Court finds that this crime of sexual battery is the worst form of the offense. It involved your taking advantage of a family member. You were in a position of trust, both by virtue of you being a family member, and because you were older. And you took advantage of a young girl who has suffered great harm as a result of this. Also, that the maximum sentence should be imposed because you do display the greatest likelihood of future criminal conduct because you were on probation in New York when this occurred. And you have a long history of criminal offenses, although this is certainly the worst of them. So it is the finding of the Court that you should receive the maximum sentence in this case."
 {¶ 23} It is apparent from this record that the trial court made the required findings to impose the maximum sentence. Ford refers us, however, to State v. Halmi (Aug. 16, 2001), Cuyahoga App. No. 78485, in which this court affirmed the trial court's imposition of the maximum sentence for sexual battery. We held that the trial court properly concluded that Halmi, a teacher, committed the worst form of sexual battery because he abused his position of trust with his students by giving them food, money and adjusted grades in exchange for sexual activity. Ford compares his case to Halmi's and argues that if Halmi's offense — which occurred on numerous occasions over several years — was the worst form of sexual battery, Ford's offense — which occurred only once — does not constitute the worst form of the offense sufficient to support a maximum sentence. Halmi is not dispositive, however, of whether Ford's offense was the worst form of the offense. Although the number of offenses in the two cases varies, the offense in this case was directed toward a family member and Ford threatened to kill the mother of his victim. Accordingly, Ford's offense, although different from Halmi's, was indeed the worst form of the offense.
 {¶ 24} Here, the sentence imposed was supported by the record and the trial court made the requisite findings to support the maximum sentence. Appellant's second assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and Rocco, J., concur.