OPINION
{¶ 1} Appellant, Craig Anthony, appeals from the May 28, 2004 judgment entry of the Lake County Court of Common Pleas, in which he was labeled as a sexual predator.
 {¶ 2} On November 2, 1990, appellant was secretly indicted by the Lake County Grand Jury on one count of rape, a felony of the first degree, in violation of R.C. 2907.02; one count of kidnapping, a felony of the first degree, in violation of R.C. 2905.01; and one count of corruption of a minor, a felony of the third degree, in violation of R.C. 2907.04. Appellant pleaded not guilty at his arraignment on November 30, 1990.
 {¶ 3} On April 15, 1991, appellant appeared in court and entered written and oral pleas of guilty to a lesser included offense of count one, attempted rape, a felony of the second degree, in violation of R.C.2923.02, and count three, corruption of a minor, a felony of the third degree, in violation of R.C. 2907.04. Pursuant to its April 15, 1991 judgment entry, the trial court accepted appellant's guilty plea with respect to counts one and three, and entered a nolle prosequi on count two, kidnapping.
 {¶ 4} A sentencing hearing was held on April 29, 1991. Pursuant to its May 7, 1991 judgment entry, the trial court sentenced appellant to serve an indefinite term of incarceration of eight to fifteen years on count one, to be served concurrently to the sentence received in another case, Case No. 90-CR-463, and a definite term of incarceration of two years on count three, to be served consecutively to count one.
 {¶ 5} The instant matter arose due to sexual conduct between appellant and a fourteen-year-old girl ("the victim"). Appellant knew the victim for a few weeks prior to the incident.
 {¶ 6} According to the psychological evaluation conducted by licensed clinical psychologist, John Fabian ("Dr. Fabian"), appellant suffered from antisocial personality disorder and had problems with substance abuse and anger management. Appellant scored a five on the Static 99 risk assessment, which placed him in the medium/high category of recidivism for sex offenses. On the Minnesota Sex Offender assessment, appellant's results indicated a high risk range. Thus, Dr. Fabian opined that appellant posed a substantial risk for future sexual offending and should be adjudicated a sexual predator.
 {¶ 7} A sexual predator hearing was held on May 24, 2004. Pursuant to its May 28, 2004 judgment entry, the trial court found appellant to be a sexual predator. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 8} "The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence."
 {¶ 9} In his sole assignment of error, appellant argues that the trial court erred by labeling him a sexual predator against the manifest weight of the evidence. Appellant stresses that the evidence presented failed to prove by clear and convincing evidence that he was likely to commit a sexual offense in the future.
 {¶ 10} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3). The statutory criteria are intended to aid the trial court, which must determine by clear and convincing evidence, whether an offender is likely to commit one or more sexually oriented offenses in the future. Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt. Cross v. Ledford (1954), 161 Ohio St. 469, 477. Clear and convincing evidence is evidence which "`produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Campbell (Dec. 22, 2000), 11th Dist. No. 99-L-012, 2000 Ohio App. LEXIS 6092, at 7, quoting Cross, supra, at paragraph three of the syllabus. Thus, "* * * a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v.Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 12} The Supreme Court of Ohio has indicated that appellate courts use a manifest weight standard to review a trial court's finding that an offender is a sexual predator. State v. Cook (1998), 83 Ohio St.3d 404,426. Thus, if the trial court's finding that an offender is a sexual predator is supported by the weight of the evidence, then the court must also have had sufficient evidence before it to satisfy the requisite clear and convincing degree of proof. Therefore, when reviewing questions of weight, an appellate court must determine whether the state appropriately carried its burden of persuasion by engaging in a limited weighing of the evidence. State v. Davis (Dec. 31, 1998), 11th Dist. No. 97-L-246, 1998 Ohio App. LEXIS 6389, at 34.
 {¶ 13} In the instant matter, because appellant pleaded guilty to sexually oriented offenses, the first prong of R.C. 2950.01(E)(1) has been met. Therefore, this court must determine the second prong of R.C.2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 14} The trial court relied upon numerous factors under R.C.2950.09(B)(3) in supporting its finding that appellant is a sexual predator and stated the following in its May 28, 2004 judgment entry:
 {¶ 15} "In determining that [appellant] is a [s]exual [p]redator within the meaning of R.C. 2950.01 and R.C. 2950.09, the [c]ourt finds the following factors as set forth in R.C. 2950.09:
 {¶ 16} "a.) [Appellant] was 24 years of age at the time of the offense;
 {¶ 17} "b.) [Appellant] has a prior criminal record, including a juvenile record consisting of petty theft, truancy, probation violations, unauthorized use of a motor vehicle, breaking and entering, grand theft, escape from detention, violation of parole by being truant from placement, receiving stolen property, aggravated menacing, criminal mischief, disorderly conduct, theft, and trafficking in marijuana, in addition there were 5 juvenile detentions and a Department of Youth Services commitment; and an adult record consisting of aggravated robbery, breaking and entering, petty theft, assault, and resisting arrest;
 {¶ 18} "c.) The victim of the sexually oriented offense for which sentence was imposed was fourteen (14) years of age at the time of the crime;
 {¶ 19} "d.) The sexually oriented offense for which the sentence was imposed did not [involve] multiple victims;
 {¶ 20} "e.) [Appellant] and victim used alcohol, but the alcohol was not provided by [appellant];
 {¶ 21} "f.) [Appellant] has completed any sentence imposed for a prior offense, was on parole at the time of this offense, and has not participated in available programs for sexual offenders;
 {¶ 22} "g.) [Appellant] does have mental illness or mental disability, including antisocial personality disorder and anger management problems;
 {¶ 23} "h.) The nature of [appellant's] sexual conduct, sexual contact, or interaction in a sexual context included force. [Appellant's] sexual actions were not part of a demonstrated pattern of abuse;
 {¶ 24} "i.) The nature of [appellant's] actions during the commission of the sexually oriented offense were that he applied physical force to the victim;
 {¶ 25} "j.) Additional behavioral characteristics that contributed to [appellant's] conduct include [his] serious denial, and serious antisocial personality disorder;
 {¶ 26} "k.) Other factors the [c]ourt considered:
 {¶ 27} "1. [Appellant's] high risk to reoffend according to the Minnesota Sex Offender Actuarial Assessment and medium to high risk to reoffend according to the Static 99 Actuarial Test;
 {¶ 28} "2. [Appellant's] substance abuse problems;
 {¶ 29} "3. [Appellant's] antisocial behavior;
 {¶ 30} "4. [Appellant's] anger management problems;
 {¶ 31} "5. [Appellant's] probation and parole violations;
 {¶ 32} "6. [Appellant's] impulsivity;
 {¶ 33} "7. [Appellant's] prior violent offenses; and
 {¶ 34} "8. Dr. Fabian's clinical opinion based on a reasonable degree of psychological certainty that [appellant] is at a medium to high risk to reoffend and should be labeled as predator."
 {¶ 35} The overwhelming evidence presented at the sexual predator hearing as well as the trial court's foregoing cogent analysis regarding the applicable R.C. 2950.09(B)(3) factors clearly establish that the trial court was presented with clear and convincing evidence that appellant is likely to re-offend sexually in the future. The trial court considered appellant's young age as well as the young age of the victim; his prior lengthy juvenile and adult criminal record; his history of mental illness; the physical force involved in the sexual conduct with the victim; his high risk to re-offend according to the Minnesota assessment as well as his medium to high risk to re-offend according to the Static 99 assessment; and Dr. Fabian's clinical opinion that appellant is at a medium to high risk to re-offend and should be labeled a sexual predator. Thus, based on the foregoing factors, the trial court properly labeled appellant as a sexual predator.
 {¶ 36} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., O'Toole, J., concur.