OPINION
{¶ 1} Defendant-appellant, George L. Bagnall, appeals the decision of the Lake County Court of Common Pleas classifying him as a "sexual predator" pursuant to R.C. 2950.09. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On December 1, 1998, Bagnall was indicted on five counts of rape, a first degree felony in violation of R.C.2907.02, and two counts of gross sexual imposition, a fourth degree felony in violation of R.C. 2907.05. The factual basis for the charges was Bagnall's molestation of his adopted step-daughter between September 1997 and June 1998.
 {¶ 3} On February 18, 1999, Bagnall pled guilty to three counts of rape by way of an Alford plea. A sentencing hearing was held on March 16, 1999. Bagnall was sentenced to concurrent eight-year prison terms on each count and was classified as a sexual predator. This court reversed Bagnall's sexual predator classification on the grounds that the trial court failed to provide Bagnall with notice of the sexual offender classification hearing as required by R.C. 2950.09(B)(1). See State v.Bagnall, 11th Dist. No. 99-L-062, 2001-Ohio-8785, 2001 Ohio App. LEXIS 5452.
 {¶ 4} On December 16, 2004, the trial court held another sexual offender classification hearing. On January 10, 2005, the trial court entered judgment classifying Bagnall as a sexual predator.
 {¶ 5} Bagnall timely appeals and raises the following assignment of error: "The trial court committed reversible error when it labeled defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 6} Any "person who is convicted of or pleads guilty to * * * a sexually oriented offense may be classified as a sexual predator." R.C. 2950.09(A). Rape is a sexually oriented offense. R.C. 2950.01(D)(1)(a). A "sexual predator" is defined as a "person [who] has been convicted of or pled guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
 {¶ 7} Rape is not a "registration-exempt sexually oriented offense." R.C. 2950.01(Q)(1) and (P)(1).
 {¶ 8} "In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age * * *; (b) The offender's * * * prior criminal * * * record * * *; (c) The age of the victim * * *; (d) Whether the sexually oriented offense * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim * * * or to prevent the victim from resisting; (f) If the offender * * * has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act * * *; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse; (i) Whether the offender * * * during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C.2950.09(B)(3).
 {¶ 9} "A trial court may find an offender to be a sexual predator `even if only one or two statutory factors arepresent, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" State v.Randall (2001), 141 Ohio App.3d 160, 166 (emphasis sic), citingState v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 Ohio App. LEXIS 371, at *7.
 {¶ 10} The trial court "shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator." R.C. 2950.09(B)(4). "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} When reviewing a sexual predator classification, the court of appeal applies the manifest weight of the evidence standard. State v. Arnold, 11th Dist. No. 2002-L-026, 2003-Ohio-1976, at ¶ 26, citing State v. Cook,83 Ohio St.3d 404, 426, 1998-Ohio-291. Weight of the evidence involves "the inclination of the greater amount of credible evidence." Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52 (emphasis sic) (citation omitted). Although the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine, State v. Thomas (1982),70 Ohio St.2d 79, at syllabus, when reviewing a manifest weight challenge, the appellate court sits as the "thirteenth juror."Thompkins, 78 Ohio St.3d at 387. The reviewing court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *." Id., quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. The reviewing court may only exercise its discretionary power to reverse a judgment as being against the manifest weight of the evidence in exceptional cases. Id.
 {¶ 12} In the present case, the trial court made the following findings in support of its determination that Bagnall is a sexual predator: "The defendant was thirty-four (34) years of age at the time of the sexual[ly] oriented offenses [R.C.2950.09(B)(3)(a)]; [t]he defendant has a prior criminal record, including a domestic violence conviction [R.C.2950.09(B)(3)(b)];[1] [t]he victim of the sexually oriented offense * * * was twelve (12) years of age at the time of the crimes [R.C. 2950.09(B)(3)(c)]; [t]he sexually oriented offenses * * * involved one (1) victim [R.C. 2950.09(B)(3)(d)]; [t]he defendant did not use drugs or alcohol to impair the victim or to prevent the victim from resisting [R.C. 2950.09(B)(3)(e)]; [t]he defendant did not commit any prior sex offenses * * * [;] [t]he defendant did complete a 90-day sexual offender treatment program while in prison after being sentenced in this case [R.C.2950.09(B)(3)(f)]; [t]he defendant has pedophilia (non-exclusive type), depression, and anxiety disorder [R.C. 2950.09(B)(3)(g)]; [t]he defendant's sexual actions were part of a demonstrated pattern of abuse from September 1, 1997 through June 30, 1998 [R.C. 2950.09(B)(3)(h)]; [t]he nature of the defendant's actions during the commission of the sexually oriented offenses did not display cruelty or threats of cruelty [R.C. 2950.09(B)(3)(i)]; [t]he defendant has a low to moderate risk of re-offending by actuarial tests, however the following factors make the defendant more likely to engage in sexually oriented offenses in the future: 1. [v]ictim returned to bedroom where crimes were committed out of fear of angering defendant; 2. [d]efendant's actions demonstrated a `grooming' of victim for future acts of sexual abuse; and 3. [d]efendant remains in denial of responsibility and blames the victim for initiating sexual contact with defendant [R.C. 2950.09(B)(3)(j)]."
 {¶ 13} At the conclusion of Bagnall's sexual predator hearing, the trial court emphasized the facts that the victim was Bagnall's adopted step-daughter, thus making the rape incestuous, and that Bagnall used the victim as a substitute for the victim's mother, at a time when Bagnall's relationship with the mother was deteriorating.
 {¶ 14} On appeal, Bagnall argues that the evidence before the trial court did not clearly and convincingly prove that he was likely to commit future sexual offenses. Bagnall notes that he has no prior sexual offenses in his record; that there were no allegations of sexual abuse in connection with the failure of a previous marriage; that the current offenses did not involve multiple victims, the use of drugs or alcohol to impair the victim, or cruelty; that he does not fantasize about children; that the court psychologist was "uncertain if he qualifies for formal sexual deviance diagnosis (pedophilia)";[2] and that the court psychologist concluded that Bagnall "is a low-moderate risk of sexual recidivism and a sexually oriented sexual offender classification would be appropriate." Bagnall concludes that "simply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is `likely to engage in the future in one or more sexually oriented offenses.'" State v. Ward (1999),130 Ohio App.3d 551, 561.
 {¶ 15} In the present case, "further evidence [and] other compelling facts" exist to justify the trial court's classification of Bagnall as a sexual predator. State v.Yodice, 11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 16 ("the underlying facts of an offense may be sufficiently egregious that an offender may be determined to be a sexual predator based only on those circumstances"). In particular, the trial court noted that Bagnall groomed the victim for future abuse, that although Bagnall did not use cruelty to effect the rapes, he did manipulate the victim by virtue of his relationship to her as her father, that the abuse continued over a period of ten months, that Bagnall suffers from depression and anxiety disorder, and that Bagnall blames the victim for initiating the sexual encounters. According to Bagnall, the victim substituted herself into the mother's place to prevent Bagnall from leaving her mother. All these factors clearly and convincingly support the trial court's classification of Bagnall as a sexual predator.
 {¶ 16} We note that a trial court may impose the sexual predator classification only if one or two of the statutory factors are present, provided the totality of the circumstances supports the classification. Randall, 141 Ohio App.3d at 166. In the present case, there were several statutory factors supporting Bagnall's classification as a sexual predator. Statev. Kunsman, 11th Dist. No. 2001-L-073, 2002-Ohio-4700, at ¶ 14 (affirming offender's classification as a sexual predator based on "appellant's minimal remorse, demonstrated pattern of abuse against his daughter, and other factors"). Moreover, it is well-established that the opinion that an offender demonstrates a low to moderate risk of sexual recidivism is not determinative of the issue of whether he may be classified a sexual predator. See, e.g., State v. Schaub, 11th Dist. No. 2003-L-091,2005-Ohio-703, at ¶ 35; State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, at ¶ 43.
 {¶ 17} For the foregoing reasons, Bagnall's sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas classifying Bagnall a sexual predator is affirmed.
Ford, P.J., Rice, J., concur.
[1] Although the trial court's statement suggests Bagnall has other prior convictions beyond the domestic violence, in fact, Bagnall's only prior conviction is for domestic violence.
[2] In regards to pedophilia, Dr. John Fabian's report states: "The issue of pedophilia is relevant as the presentence report indicated that victim was thirteen years of age. It is uncertain whether the victim was always thirteen years of age during the offending behaviors which occurred between September, 1997, through June, 1998. The diagnosis of pedophilia includes recurrent thoughts, behaviors, urges toward children who are about thirteen years of age or younger for a period of at least six months or longer. I am uncertain whether this period of molesting between September, 1997, and June 1998, included the victim being thirteen or even older than thirteen years of age. I do know that Mr. Bagnall is a nonexclusive child molester as he has been married before. * * * [Bagnall] reports * * * being rejected by his wife and it appears as though the sexual behaviors towards his stepdaughter may have been motivated by his rejection by his wife."