OPINION
{¶ 1} Appellant, Curtis Porter, appeals from the November 30, 2004 judgment entry of the Lake County Court of Common Pleas adjudicating him a sexual predator.
 {¶ 2} On August 13, 1979, appellant was indicted by the Lake County Grand Jury on eight counts: two counts of theft with a deadly weapon, felonies of the first degree, in violation of R.C.2913.01 and R.C. 2911.01, four counts of kidnapping, felonies of the first degree, in violation of 2905.01, one count of felonious assault, a felony of the second degree, in violation of R.C.2903.11, and one count of rape, a felony of the first degree, in violation of R.C. 2907.02.
 {¶ 3} The charges arose from a July 2, 1979 incident where appellant confronted the victim in a store with a handgun and instructed her to give him a ride. He made the victim drive him to his apartment, where he proceeded to rape her multiple times, holding a knife to her throat at times and threatening her with his gun. The victim was nineteen years of age at the time of the incident and endured nine and a half hours of being held against her will.
 {¶ 4} On September 28, 1982, appellant entered a plea of guilty by way of "Alford" to one count of rape, a felony of the first degree, in violation of R.C. 2907.02, and four counts of kidnapping, felonies of the first degree, in violation of R.C.2905.01. He was sentenced seven to twenty-five years in prison on each of the five counts, with the four sentences for kidnapping to run concurrent to each other, but consecutive to the sentence for rape. The trial court entered a nolle prosequi on the remaining counts.
 {¶ 5} On November 29, 2004, the trial court held a sexual predator classification hearing. In preparation for the hearing, Dr. John Fabian ("Dr. Fabian") prepared a written psychological evaluation of appellant. In his report, Dr. Fabian opined that appellant scored a five on the Static 99 test, rating him a medium-high risk to reoffend. Dr. Fabian reported factors that elevated appellant's risk, including his personality disorder; his prior violent offenses; the violent nature of this offense; the victim was unrelated to appellant and a stranger to him; he commenced his sex offending at a young age; and he had never been married. Factors lowering the risk included no full anti-social personality disorder due to a lack of a juvenile record; no sexual deviancy diagnosis; and no prior sex offenses. Dr. Fabian noted that while appellant was in prison, he had numerous disciplinary problems and possible substance abuse problems. Despite appellant not having any prior sex offenses, Dr. Fabian recommended that appellant be labeled a sexual predator due to his Static 99 test results, as well as the fact that he found it "critical to remember" that he has been in prison most of his adult life.
 {¶ 6} In a November 30, 2004 judgment entry, the trial court labeled appellant a sexual predator. It is from this judgment that appellant appeals, raising the following sole assignment of error:
 {¶ 7} "The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence."
 {¶ 8} In his sole assignment of error, appellant argues that the evidence presented did not prove, by clear and convincing evidence, that he was a sexual predator; specifically that he was likely to commit a sexually-oriented offense in the future.
 {¶ 9} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 10} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3). State v. Cook
(1998), 83 Ohio St.3d 404, 424. The statutory criteria are intended to aid the trial court, which must determine by clear and convincing evidence, whether an offender is likely to commit one or more sexually oriented offenses in the future. Id. Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt. Cross v. Ledford (1954), 161 Ohio St. 469,477. Thus, "* * * a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v.Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 11} Appellate courts use a manifest weight standard to review a trial court's finding that an offender is a sexual predator. Cook, supra, at 426. In State v. Anthony, 11th Dist. No. 2004-L-104, 2005-Ohio-5610, at ¶ 12, this court stated that, "if the trial court's finding that an offender is a sexual predator is supported by the weight of the evidence, then the court must also have had sufficient evidence before it to satisfy the requisite clear and convincing degree of proof. Therefore, when reviewing questions of weight, an appellate court must determine whether the state appropriately carried its burden of persuasion by engaging in a limited weighing of the evidence.State v. Davis (Dec. 31, 1998), 11th Dist. No. 97-L-246, 1998 Ohio App. LEXIS 6389, at 34."
 {¶ 12} In the instant matter, because appellant pleaded guilty to sexually oriented offenses, the first prong of R.C.2950.01(E)(1) has been met.[1] Therefore, this court must determine the second prong of R.C. 2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 13} In determining the second prong of the sexual predator test, the trial court is required to consider a nonexclusive list of ten factors, set forth at R.C. 2950.09(B)(3), including:
 {¶ 14} "(a) The offender's * * * age;
 {¶ 15} "(b) The offender's * * * prior criminal * * * record * * *;
 {¶ 16} "(c) The age of the victim * * *;
 {¶ 17} "(d) Whether the sexually oriented offense * * * involved multiple victims;
 {¶ 18} "(e) Whether the offender * * * used drugs or alcohol to impair the victim * * *;
 {¶ 19} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed * * * and, if the prior offense * * * was a sex offense or sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 21} "(h) The nature of the offender's * * * sexual conduct * * * with the victim * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 24} In the case sub judice, the trial court relied upon numerous factors under R.C. 2950.09(B)(3) in supporting its finding that appellant is a sexual predator. It stated the following in its November 30, 2004 judgment entry:
 {¶ 25} "In determining that [appellant] is a [s]exual [p]redator within the meaning of R.C. 2950.01 and R.C. 2950.09, the [c]ourt finds the following factors as set forth in R.C.2950.09:
 {¶ 26} "a.) [Appellant] was twenty (20) years of age at the time of the act;
 {¶ 27} "b.) [Appellant] has a prior criminal record, including two (2) [a]ggravated [r]obbery and two (2) [a]ttempted [m]urder convictions;
 {¶ 28} "f.) [Appellant] has completed a sentence imposed for a prior offense and has not participated in available programs for sexual offenders;
 {¶ 29} "g.) [Appellant] does have a mental illness or mental disability, to-wit: personality disorder with anti-social traits;
 {¶ 30} "i.) The nature of [appellant's] actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty, to wit: use of a knife and gun;
 {¶ 31} "j.) Additional behavioral characteristics that contributed to [appellant's] conduct include disciplinary problems in prison as set forth in Dr. Fabian's report and Dr. Fabian's opinion [on] recidivism and sexual predator status."
 {¶ 32} Appellant argues that the trial court clearly lost its way and created a manifest miscarriage of justice when it found him to be a sexual predator. He contends that the following factors demonstrate a lower risk of recidivism: (1) appellant did not use drugs or alcohol to impair the victim; (2) he had no prior sexual offense; (3) the victim was an adult; and (4) although appellant did not receive sexual offender treatment, he requested treatment.
 {¶ 33} Appellant is correct that these factors indicate that he is less likely to reoffend. However, "`[a] trial court may find an offender to be a sexual predator "even if only one ortwo statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense."'" State v. Bagnall, 11th Dist. No. 2005-L-029,2006-Ohio-870, at ¶ 9, quoting State v. Randall (2001),141 Ohio App.3d 160, 166.
 {¶ 34} As such, after reviewing the record on appeal, we conclude that the trial court had more than enough evidence to label appellant a sexual predator. First, although the victim was an adult, the trial court considered the extremely violent nature of appellant's actions. Appellant kidnapped the victim, repeatedly raped her, held a gun to her head and a knife to her throat, and held her against her will for over nine hours. Second, Dr. Fabian opined that although appellant had no prior sexual offenses, he has been in prison for most of his adult life, a factor Dr. Fabian indicated was "critical." In addition, the trial court noted that although appellant did not have a prior sexual offense, he did have a prior criminal record, including two attempted murder convictions and two aggravated robbery convictions. The trial court also considered other information noted by Dr. Fabian in his report, including appellant's long disciplinary history he had while he was in prison.
 {¶ 35} Thus, the trial court clearly balanced the factors presented and determined that there was clear and convincing evidence that appellant is likely to reoffend. As such, we conclude that based on the foregoing factors and the totality of the relevant circumstances, the trial court properly classified appellant as a sexual predator.
 {¶ 36} Accordingly, appellant's assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
O'Neill, J., concurs.
O'Toole, J., concurs in judgment only.
[1] Under R.C. 2950.01(D)(1)(a), a "`[s]exually oriented offense' means * * * a violation of section 2907.02 * * *."