{¶ 1} Defendant-appellant, Jermaine Rosenburg, appeals the decision of the Cuyahoga County Court of Common Pleas that classified him as a sexual predator. While acknowledging many of the inconsistencies in the existing sexual predator classification process raised by Rosenburg, we nevertheless find no error in the proceedings below and affirm the trial court's classification.
 {¶ 2} Rosenburg was charged with one count of rape, one count of kidnapping with a sexual motivation specification, and two counts of sexual battery. He pled guilty to one count of sexual battery, a felony of the third degree, and the remaining counts were nolled. Rosenburg was sentenced to three years in prison and, after a House Bill 180 hearing, was classified as a sexual predator.
 {¶ 3} Rosenburg appeals, advancing one assignment of error for our review, which states the following:
 {¶ 4} "The trial court erred in concluding that there was clear and convincing evidence that defendant would commit a sexual offense in the future, and thus designating the defendant as a sexual predator."
 {¶ 5} Rosenburg argues most of the criteria set forth in R.C.2950.09(B) does not apply to him. Specifically, he complains that the victim was twenty-two years of age, that the victim and Rosenburg voluntarily used drugs and alcohol, and that there was no pattern of abuse. Rosenburg also points out that he has no prior *Page 4 
sexual offenses. Finally, he argues that the court's finding of cruelty is inaccurate because it was based on the force used during the crime.
 {¶ 6} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, citing R.C.2950.01(E) and 2950.09(B)(3). "Not only must it be probable (more likely than not) that such a future offense will occur, but such likelihood must be proven by the heightened standard of clear and convincing evidence." State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770. In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that defendant is likely to commit a sexually oriented offense in the future." Id. at 10.
 {¶ 7} In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C.2950.09(B)(3). These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether *Page 5 
the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense, whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 8} The trial court is to consider the statutory factors listed in R.C. 2950.09(B)(3), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288; see, also, State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103, at ¶ 18. Nevertheless, the trial court is not required to `"tally up or list the statutory factors in any particular fashion.'" State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, at ¶ 7, quoting State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86, 89. *Page 6 
 {¶ 9} On appeal, this court examines the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof.State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 10} In this case, the trial court addressed each of the statutory factors listed in R.C. 2950.09(B)(3) and whether it applied to Rosenburg. Specifically applicable to Rosenburg was that he had a lengthy juvenile and adult record, that he was mildly mentally retarded with an IQ of 58, that he and the victim had used marijuana and drank whiskey, that he displayed cruelty toward the victim, that he had used "PCP," that he had met the victim only that night, that he denied committing the sexual offense and showed no remorse, and finally, that the STATIC-99 indicated that he had a moderate-high risk of recidivism.
 {¶ 11} The record revealed that the victim invited Rosenburg into her home at 3:30 a.m. The victim and Rosenburg voluntarily consumed alcoholic beverages and smoked marijuana. At some point, the victim fell asleep on the couch. When she awoke, her pants and her panties were off and Rosenburg was on top of her, holding her down by her wrists and covering her mouth. The victim stated that she had scratches on her right wrist, neck, and right knee. Finally, the victim stated that the assault occurred in her living room, where her school-aged son was sleeping on the floor, and that he now has nightmares and is doing poorly in school.
 {¶ 12} We note that "[a] trial court may find an offender to be a sexual predator `even if only one or two statutory factors arepresent, so long as the totality of the *Page 7 
relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'"State v. Randall (2001), 141 Ohio App.3d 160, 166 (emphasis added), quoting State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19; see, also, State v. Bagnall, Lake App. No. 2005-L-029, 2006-Ohio-870, at ¶ 9; State v. Porter, Lake App. No. 2005-L-016, 2006-Ohio-3768. In this case, several statutory factors are present; furthermore, Rosenburg has continued to deny any wrongdoing and has shown no remorse for the crime. His attitude toward his own actions weighs in favor of a sexual predator status. See State v. Woodruff, Cuyahoga App. No. 85026, 2005-Ohio-4808;State v. Thomas (Aug. 23, 2001), Franklin App. No. 00AP-1242; State v.Kendrick, (Sept. 30, 1999), Franklin App. No. 98AP-1305; State v.Ayers, (Sept. 15, 1998), Franklin App. No. 97APA11-1556; see, also,State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430; State v.Hill, (May 21, 1999), Montgomery App. No. 17246.
 {¶ 13} Rosenburg's counsel raises several compelling and well-reasoned arguments that center on the view that the current classification process results in the inconsistent classification of similar offenders.
 {¶ 14} We first note that Rosenburg correctly points out the inherent fallibility of the STATIC-99 test as a true predictor of future sexual conduct. This court has previously referenced this concern in State v.Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024, where we noted in part: *Page 8 
 "The utility of the STATIC-99 evaluation as a diagnostic tool for individual risk assessment is open to question. The evaluation merely performs an actuarial assessment of an offender's chances of reoffending. See State v. Colpetzer, Cuyahoga App. No. 79983, 2002 Ohio 967. While actuarial risk assessments are said to outperform clinical risk assessments, actuarial assessments do not, and cannot, purport to make a prediction of a particular offender's future conduct. In fact, the use of an actuarial assessment could arguably be at odds with Ohio's statutory scheme. R.C. 2950.01(E) and R.C. 2950.09(B) require a determination that the offender is likely to engage in the future in one or more sexually oriented offenses. This is an individualized determination for a particular offender. The STATIC-99 cannot purport to make an individualized assessment of future conduct any more than a life expectancy table can provide a accurate prediction of a particular individual's longevity."
 {¶ 15} Nevertheless, the Supreme Court of Ohio has recognized that the use of experts may assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger, 91 Ohio St.3d at 163. Ultimately, in these determinations, we believe that the best predictor of future conduct is past behavior.
 {¶ 16} Rosenburg also questions the trial court's finding of cruelty based on the use of force, which was an element of the crime. Indeed, Rosenburg raises a valid issue, as the use of force alone may not automatically signify cruelty, but the existence of force does not preclude a trial court from finding that cruelty occurred. The trial court did so in this instance.
 {¶ 17} Rosenburg also points out that his record does not include sexual offenses other than the conviction in the underlying case. Again, while Rosenburg *Page 9 
argues the standard should be higher for a sexual predator classification, the statute does not require anything more.
 {¶ 18} Although Rosenburg makes a compelling case that the existing sexual predator classification process can potentially result in dissimilar treatment of similar offenders, this alone does not invalidate the trial court's determination that Rosenburg is likely to reoffend.
 {¶ 19} Significantly, the record reflects that Rosenburg now denies committing the sexual offense that he previously pled guilty to and shows no remorse for the crime. We recognize that an individual may plead guilty to an offense for a variety of reasons during the criminal process, but here, in the civil classification process, some of those considerations are removed. We have long recognized that a trial court may indeed consider, coupled with other factors, whether an offender has acknowledged and recognizes his past conduct as being wrong in determining whether to label an offender a sexual predator. This fact supports the trial court's predator determination.
 {¶ 20} Therefore, we find that there was sufficient evidence in the record to find that Rosenburg is a sexual predator. Accordingly, Rosenburg's sole assignment of error is overruled.
 {¶ 21} Although we overrule Rosenburg's assignment of error, we do acknowledge the potential danger of "overclassifying" all sexual offenders as *Page 10 
predators. The risk that the pool of offenders so labeled will become so large as to dilute the identity of those who pose the greatest risk to the public is indeed real.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A. J., and JAMES J. SWEENEY, J., CONCUR *Page 1