JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Otis A. Woodruff, Jr. ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we affirm the lower court.
 I. {¶ 2} According to the case, appellant was indicted by the Cuyahoga County Grand Jury for rape, with specification, on July 16, 1987. On November 3, 1987, after numerous pretrials, appellant appeared in court with counsel and pled guilty to one count of sexual battery, as amended, in count one, and guilty of abduction, as charged, in count two. The remaining count was nolled. Appellant was sentenced to a term of one and one-half years on count one and three to ten years on count two.
 {¶ 3} Execution of the sentence was suspended, and appellant was required to serve three years of probation, obtain a high school diploma, obtain full employment, and continue counseling. On December 30, 1991, appellant pled guilty to a probation violation, and his sentence was ordered into execution. On June 16, 1992, appellant pled guilty in case number CR-275897 to robbery, in violation of R.C. 2911.02, as amended in count one, and felonious assault, in violation of R.C. 2903.11, as amended in count two. He was sentenced to three to fifteen years on each count, to be served concurrently.
 {¶ 4} According to the facts, the 1987 incident occurred when appellant was 19 years old. Appellant and his friends met some girls in a park and invited them to go to appellant's home to drink beer and smoke marijuana. Because one of the girls wanted to use a phone, the girls agreed. They drank beer and socialized, and some of them smoked marijuana.
 {¶ 5} At the preliminary hearing, the 16-year-old victim gave the following testimony. She stated that she refused to smoke marijuana, although appellant tried to force her. Appellant then forced her up the stairs, placed her on a bed, removed her clothing, and forcibly raped her while two small boys watched from the doorway. Because she resisted, appellant restrained her and injured her neck and shoulders. During the rape, however, the victim's friends found her and took her out of the house. As they were leaving, appellant and his friends threw bottles at the victim and her friends from the porch.
 {¶ 6} The victim was taken to St. Luke's Hospital for an examination and was given a collar for the injuries to her neck. The prosecutor and appellant eventually reached a plea agreement and appellant was placed on probation. However, appellant began missing his appointments and a capias was issued for his arrest. Before he was arrested, however, he committed a felonious assault and robbery against a woman. For these combined offenses, appellant served thirteen years. He was on probation at the time of the sexual predator hearing. Appellant now appeals the court's finding that he is a sexual predator and further argues that R.C. 2950.09
violates his constitutional rights.
 II. {¶ 7} Appellants' first assignment of error states the following: "The court erred by adjudicating Mr. Woodruff a sexual predator in the absence of sufficient evidence that would establish by clear and convincing evidence the likelihood to engage in the future in a sexually oriented offense."
 {¶ 8} The second assignment of error states: "R.C. 2950.01 et seq., as amended by Senate Bill 5 and applied to Mr. Woodruff violated Art. 1, Sec. 10, of the United States Constitution as ex post facto legislation, and violates Art. II, Sec. 28, of the Ohio Constitution as retroactive legislation."
 {¶ 9} The third assignment of error states: "R.C. 2950.01, et seq., as amended by Senate Bill 5 and applied to Mr. Woodruff violates Article I, Section 1 of the Ohio Constitution as an unreasonable infringement upon Mr. Woodruff's personal liberties."
 {¶ 10} Based on the substantial interrelation of appellant's assignments of error, we shall address them together.
 {¶ 11} In order for an offender to be classified a sexual predator, the state of Ohio must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247. The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt * * *." State v. Gauntt, Cuyahoga App. No. 82175, 2003-Ohio4-942.
 {¶ 12} Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 13} R.C. Chapter 2950 governs sexual predators, habitual sex offenders and sexually oriented offenders. More specifically, under R.C. 2950.09(B)(3), when determining whether a defendant is likely to engage in future sexually oriented offenses, the judge shall consider all relevant factors, including:
"(a) The offender's * * * age; (b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *; (d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 14} See, generally, State v. Harris, Cuyahoga App. No. 83213,2004-Ohio-2329.
 {¶ 15} In the case sub judice, the court considered several R.C. 2950.09(B)(3) factors prior to making its decision, specifically, the fact that appellant forcibly raped the victim yet failed to show remorse or take responsibility for his actions. In addition, the court also pointed out that appellant's Static-99 score of five predicts that 40 out of 100 convicted sex offenders with that score will reoffend in the next 15 years. This score is considered the medium-high category. The court also considered two serious risk factors the doctor found, specifically, that the victim was unrelated to appellant and that appellant had a prior criminal history. In addition, the lower court reviewed the packet from the Department of Rehabilitation and Corrections, the transcript from the preliminary hearing, the victim's signed police statement, the evaluation from the Court Psychiatric Clinic, and the PSI report prior to making its determination. Reviewing the record as a whole, we find that the court did not err in labeling appellant a sexual predator. Appellant's first assignment of error is overruled.
 {¶ 16} Appellant's second and third assignments of error are without merit. Statutes enjoy a strong presumption of constitutionality. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142. "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147. "That presumption of validity of such legislative enactment cannot be overcome unless it appears that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." Xenia v. Schmidt (1920), 101 Ohio St. 437; State ex rel.Durbin v. Smith (1921), 102 Ohio St. 591; Dickman v. Defenbacher (1955),164 Ohio St. 142 at 147.
 {¶ 17} Appellant argues that the recent enactment of S.B. 5 renders R.C. 2950 unconstitutional. We disagree. Not only have this court and the Ohio Supreme Court addressed this issue, but the United States Supreme Court recently decided that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws, without reference to the ability of the offender to petition for revision of the classification. Smith v. Doe
(2003), 538 U.S. 84, 155 L. Ed. 2d 164, 123 S. Ct. 1140; State v. Baron,156 Ohio App.3d 241, 2004-Ohio-747. Therefore, there is no need for this court to revisit this issue. Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and is not violative of the appellant's rights.
 {¶ 18} Moreover, State v. Cook, 83 Ohio St.3d 404, 1998-Ohio2-91, the Ohio Supreme Court reviewed the appellate court's decision and determined that R.C. 2950.01 et seq. did not violate either the ex post facto clause or the retroactivity clause of the Constitution. In so finding, the Ohio Supreme Court reversed the appellate decision and reinstated the trial court's decision. Therefore, 2950.01 et seq. does not unconstitutionally violate the ex post facto clause or the retroactivity clause.
 {¶ 19} In sum, the record reflects sufficient evidence to support the trial court's sexual predator adjudication. The trial court based its adjudication on the R.C. 2950.09(B)(3) factors. R.C. Chapter 2950 et seq. does not violate either the Ohio or United States Constitutions as ex post facto or retroactive legislation. Nor does the statute create an unreasonable infringement upon appellant's personal liberties. In view of the foregoing facts and argument, it is recommended that the judgment of the trial court be affirmed.
 {¶ 20} Accordingly, appellant's first, second and third assignments of error are overruled. The trial court's decision is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCURS IN PART AND DISSENTS IN PART. (SEESEPARATE CONCURRING AND DISSENTING OPINION.)
 CONCURRING AND DISSENTING OPINION