JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Lee Walker ("Appellant"), appeals from the trial court's finding that Appellant is a sexual predator. For the reasons set forth below, we affirm.
 {¶ 2} On October 21, 1998, a jury found Appellant guilty of one count of kidnapping, six counts of rape, and one count of aggravated burglary. The trial court sentenced Appellant to ten to twenty-five years on the kidnaping and rape counts, to run concurrently, and one and one-half to five years for the aggravated burglary count, to run concurrently with the kidnaping and rape counts.
 {¶ 3} Appellant returned to the court on March 29, 2005 for a hearing pursuant to R.C. 2950.09(C) and a recommendation by the Ohio Department of Rehabilitation and Corrections for a sexual predator adjudication hearing. At the hearing, the court noted that it requested Appellant's record from Lake Erie Correctional Institution, which the court shared with both the state and Appellant. The court admitted Appellant's institutional record, without objection, into evidence as Exhibit 1. The court also admitted into evidence as Exhibit 2, without objection, an evaluation of Appellant, dated January 13, 2005 and conducted by the Court Psychiatric Clinic.
 {¶ 4} The state admitted into evidence certified journal entries of Appellant's convictions in additional cases as State's Exhibit 1, as well as a copy of this court's decision in Statev. Walker, Cuyahoga App. No. 56812, affirming Appellant's conviction in the underlying case as State's Exhibit 2.
 {¶ 5} The state then began presenting evidence regarding each of the factors found in R.C. 2950.09(B)(3). The state informed the court that at the time of the offense, Appellant was 34 years old and is currently 50 years old.
 {¶ 6} The state noted Appellant's prior criminal record which included two counts of burglary in 1972, robbery in 1975, aggravated robbery in 1979, felonious assault and aggravated robbery in 1979, possession of criminal tools, and having a weapon while under disability in 1987. The state also made reference to Appellant's prior juvenile record. Appellant objected to the state's use of listing offenses that were not supported by certified journal entries. The state, however, argued that it relied on the Court Psychiatric Clinic evaluation in which Appellant informed Mr. Michael Caso, the Chief Social Worker, of his other offenses.
 {¶ 7} The state also addressed the factors listed in R.C.2950.09(B)(3)(c)-(f) by stating that the victim was 35 years old at the time of the offense, there were not multiple victims in this instance, Appellant did not use drugs or alcohol to impair his victim, and while Appellant had a prior sentence, it did not include any sex offender rehabilitation.
 {¶ 8} Additionally, the state directed the court to the psychological evaluation. Mr. Caso diagnosed Appellant with adult antisocial behavior, which diagnosis was based upon a pervasive pattern of disregard for the law and the rules of society, as demonstrated by Appellant's repeated arrests and several prison-based disciplinary sanctions.
 {¶ 9} The state also described the cruel nature of the underlying attack. The state illustrated that Appellant threatened the victim with death while holding a knife to the victim. With an extension cord, he tied the victim's hands and ankles, placing the victim's knees in an up position. When the victim asked Appellant why he was doing this, he responded, "Because your boyfriend owes me money." He then gagged the victim with a collar from a coat, took off his jacket and clothes from the waist down, and proceeded to penetrate her vagina three times in a period of two and a half hours.
 {¶ 10} The state also discussed the results of the two Static-99 tests, which are statistical analyses conducted by the Court Psychiatric Clinic to estimate an offender's likelihood to engage in sexual offenses in the future. Appellant received a score of 6 on the Static-99 test based upon the victim's statement that she did not know Appellant prior to the attack. This score of 6 placed Appellant in the high risk category of reoffending. Others situated in this category reoffend at a rate of 39 percent within five years, 45 percent within ten years and 52 percent within fifteen years.
 {¶ 11} The second Static-99 analysis, which was based upon Appellant's statement that he knew the victim prior to the attack, placed him in a moderate to high risk category, with a score of 5. Offenders similarly situated in this category reoffend at a rate of 33 percent within five years, 38 percent within ten years, and 40 percent within fifteen years.
 {¶ 12} Finally, the state concluded that:
[B]ased on the Static-99, the pervasive pattern of disregard for the law, and the particularly viciousness of the underlying offense, the State does believe that there is clear and convincing evidence that the Defendant is likely to reoffend, and would request that the Court find that the Defendant is a sexual predator.
 {¶ 13} Appellant then presented his argument. Appellant asserted that the court may consider only Appellant's convictions, not his prior arrests or juvenile adjudications that he admitted to Mr. Caso. As a result, Appellant maintained he had no prior sexual offenses. Appellant also discussed the psychiatric report and noted Mr. Caso's findings that Appellant does not report, nor is there any documentation indicating, Appellant possessing deviant sexual preferences. Further, Appellant argued that the report noted Appellant's age as over 25 and that he did not have a negative relationship with his mother. Appellant further stated that he completed all of the sexual offender treatment programs while incarcerated and he currently is completing an eight-month offender program.
 {¶ 14} Appellant then made a statement on his behalf in which he added that he took responsibility for raping the victim, but that the victim was a criminal as well.
 {¶ 15} After hearing all the evidence, the trial court adjudicated Appellant, by clear and convincing evidence, as a sexual predator. The court stated that Appellant's extensive criminal history, the violent nature of the crime, as well as the high recidivism rate, were major factors in its consideration. The court then informed Appellant of his registration requirements as a sexual predator.
 {¶ 16} Appellant now appeals and assigns three errors for our review. In the interest of convenience, we will address the third assignment of error first.
 {¶ 17} Appellant's third assignment of error states:
R.C. 2950.01 et seq., as applied to Mr. Walker, violates Art. I, Sec. 10, of the Unites [sic] States Constitution, as ex post facto legislation, and violates Art. II, Sec. 28, of the Ohio Constitution as retroactive legislation.
 {¶ 18} In his third assignment of error, Appellant contends that R.C. 2950.01 et seq., the sexual predator statute, violates Section 10, Article I of the United States Constitution as ex post facto legislation and violates Section 28, Article II of the Ohio Constitution as retroactive legislation. In maintaining this proposition, Appellant asserts that the recent enactment of Senate Bill 5, which repeals his right to have his sexual predator classification revisited, is unconstitutional as ex post facto legislation. We disagree.
 {¶ 19} This court has previously rejected this argument. InState v. Baron, 156 Ohio App.3d 241, 246, 2004-Ohio-47,805 N.E.2d 173, we found that the United States Supreme Court and Ohio Supreme Court have determined that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws. See State v.Cook, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570; Smithv. Doe (2003), 538 U.S. 84, 155 L.Ed.2d 164, 123 S.Ct. 1140.
 {¶ 20} Accordingly, pursuant to this court's precedent, we find R.C. 2950.09 constitutionally valid. Hence, Appellant's third assignment of error is without merit.
 {¶ 21} Appellant's first assignment of error states:
The evidence is insufficient, as a matter of law, to prove "by clear and convincing evidence" that Appellant "is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 22} With regard to procedure, in reviewing a claim of insufficient evidence,
[c]learly, the trial court is the trier of facts in sexual classification hearings. On appeal, therefore, this court's role is to determine whether the weight of the evidence supports the trial court's decision. * * * Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence.
State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497.
 {¶ 23} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). During a sexual predator hearing, the court "shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator." R.C. 2950.09(B)(4).
"[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469,477, 120 N.E.2d 118.
 {¶ 24} When determining whether an offender is a sexual predator, the court must consider the factors enumerated in R.C.2950.09(B)(3):
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 25} R.C. 2950.09(B) does not mandate that each factor be satisfied. It simply requires the trial court to consider all the factors which are relevant to its determination and discuss on the record the particular evidence and factors upon which it relies in making its determination of the likelihood of recidivism. State v. Thompson, 92 Ohio St.3d 584, 588,2001-Ohio-1288, 752 N.E.2d 276. Further, the trial court is not required to "tally up or list the statutory factors in any particular fashion." State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001),143 Ohio App.3d 86, 89, 757 N.E.2d 413.
 {¶ 26} Furthermore, a sexual predator determination hearing is akin to a sentencing hearing in that the Rules of Evidence do not strictly apply and the trial court is allowed to examine all evidence which demonstrates some indicia of reliability, regardless of whether that evidence was authenticated as contemplated by the Rules of Evidence. State v. Brown,151 Ohio App.3d 36, 2002-Ohio-5207, 783 N.E.2d 539; R.C. 2950.09; Evid.R. 101(C). Accord State v. Cook, 83 Ohio St.3d 404, 425,1998-Ohio-291, 700 N.E.2d 570 ("we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings.").
 {¶ 27} The key to any sexual predator hearing is determining whether the offender is likely to reoffend in the future. While recidivism is difficult to predict, the trial court should be guided by the Ohio Supreme Court's decision in State v.Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247, 743 N.E.2d 881, where the court identified the procedure for such a hearing.
 {¶ 28} In a sexual predator hearing, the court has essentially three objectives. Id. First, the court must create, for review, a clear and accurate record of the evidence and testimony considered. Id. Second, the trial court may require the assistance of an expert in determining whether an offender is likely to commit a sexually oriented offense in the future. Id. Finally, the court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination as to the sexual offender classification. Id.
 {¶ 29} In the case sub judice, a complete record has been prepared for review. The transcript of the sexual predator classification hearing has been provided, which includes a statement by Appellant and both parties' arguments. Additionally, both parties stipulated to the use of several exhibits without objection, including the report of Michael Caso, LISW, CCDC III-E, the Chief Social Worker at the Court Psychiatric Clinic, Appellant's record from Lake Erie Correctional Institution and certified copies of the journal entries of Appellant's previous convictions.
 {¶ 30} In addition to creating a clear record, the court discussed Mr. Caso's psychiatric evaluation of Appellant. Namely, the court referred to the statistical analysis conducted by the Psychiatric Clinic. The Clinic conducted two analyses: one based upon the victim's statement that she did not know Appellant prior to the attack and one analysis based on Appellant's statement that the victim was known to him. Based upon the victim's statement, Appellant received a score of six, placing him in the "high-risk" category of sexual recidivism. Based upon Appellant's statement that he knew the victim, Appellant still scored a five, which placed him in the "moderate-high" risk category for sexual recidivism. In light of these findings, the court noted its concern with Appellant's "high potential for recidivism" and stated that the results "indicate that the designation of sexual predator is appropriate in this matter, by clear and convincing evidence."
 {¶ 31} Finally, in reviewing the record of the instant matter, it is clear that the trial court adhered to the statutory requirements and considered the factors enumerated in R.C.2950.09(B)(3). In conducting the sexual predator hearing, the trial court stated which factors it considered in making its determination. First, the trial court found Appellant's extensive criminal history pertinent to the determination of recidivism. Additionally, the court noted the particularly violent nature of the act, noting the use of force, as well as the binding and terrorizing of the victim. Lastly, the court, relying on the results of the statistical analysis conducted by the Psychiatric Clinic, determined that Appellant would be more likely to offend in the future.
 {¶ 32} In the instant matter, a review of the record demonstrates that the trial court was presented with clear and convincing evidence to support its decision that Appellant is a sexual predator. Therefore, Appellant's first assignment of error is without merit.
 {¶ 33} Appellant's second assignment of error states:
As held by the Supreme Court in State v. Thompson, the trial court erred in determining that Appellant was a sexual predator without considering, or placing upon the record any of the relevant factors codified at R.C. 2950.09(B)(2).
 {¶ 34} Within this assignment of error, Appellant claims that the trial court failed to consider or identify the factors enumerated in R.C. 2950.09(B)(2). We note that the factors originally enumerated in R.C. 2950.09(B)(2) are now enumerated in R.C. 2950.09(B)(3).
 {¶ 35} As previously stated, when determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(3). State v.Thompson, supra. "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." State v. Cook (1998), 83 Ohio St.3d 404, 426,1998-Ohio-291, 700 N.E.2d 570. Furthermore, R.C. 2950.09(B) does not mandate that each factor be satisfied. State v. Grimes,
supra. Instead, it requires the trial court to consider only those factors that are relevant. Id.
 {¶ 36} In the instant action, we find that the trial court adequately identified on the record the factors upon which it relied in making its determination. Specifically, the court noted Appellant's extensive criminal history, the particularly violent nature of the attack and the Psychiatric Clinic's assessment placing Appellant in the high risk category for re-offending in the future. These considerations directly correlate with R.C.2950.09(B)(3)(b), (i), and (j). Thus, as the trial court was not required to recite an application to each factor, we find it is clear from the transcript that the trial court considered all relevant factors required by R.C. 2950.09(B)(3). Accordingly, Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Karpinski, J., concur.