JOURNAL ENTRY and OPINION
{¶ 1} Appellant Michael Butler appeals the trial court's decision classifying him as a sexual predator. He assigns the following errors for our review:
"I. The evidence is insufficient, as a matter of law, to prove by `clear and convincing evidence' that appellant is `likely to engage in the future in one or more sexually oriented offenses'."
"II. R.C. 2950.01 et seq., as applied to Mr. Butler, violates Art. I, Sec. 10, of the United States Constitution, as Ex Post Facto legislation, and violates Art. II, Sec. 28, of the Ohio Constitution as retroactive legislation."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On July 15, 1987, the Cuyahoga County Grand Jury indicted Butler for aggravated burglary, felonious assault, and rape. On October 23, 1987, pursuant to a plea agreement, Butler pleaded guilty to felonious assault and rape. The trial court sentenced Butler to prison terms of three-to-fifteen years for felonious assault and ten-to-twenty-five years for rape. The trial court ordered Butler to serve the sentences concurrently.
 {¶ 4} While Butler was still incarcerated, the State filed a request to schedule a sexual predator classification hearing, which the trial court conducted on May 10, 2005. At the hearing, the State presented two exhibits, Butler's institutional record and the sexual predator evaluation prepared by the Cuyahoga County Common Pleas Court Psychiatric Clinic.
 {¶ 5} Butler's criminal record indicated he pleaded guilty to aggravated robbery in 1987, to theft in 1985, and criminal trespass in 1985. In 1981, at age fourteen, Butler was adjudicated a delinquent and placed in a group home. In 1982, at age fifteen, Butler was adjudicated delinquent for the unauthorized use of a motor vehicle, operating a motor vehicle without a license, and reckless operation of a motor vehicle. As a result, Butler was sent to the Riverview School for Boys.
 {¶ 6} In 1983, at age sixteen, Butler was placed on probation for unruly conduct. Later that year, Butler was lectured and advised for unruly conduct because of drinking and fighting with his sister. Also, in 1983, Butler was found in contempt of court and received ten days detention.
 {¶ 7} The facts of the underlying case reveal that Butler was nineteen years old at the time, while the victim, Butler's girlfriend, was seventeen years old. The presentence investigative report indicated that Butler raped the victim and stabbed her with a knife. The record also indicated that Butler had been drinking alcohol at the time he committed the offense.
 {¶ 8} The sexual predator evaluation completed by a psychologist with the Court Psychiatric Clinic indicated that Butler abused alcohol and cannabis at the time of the offense. The evaluation determined that Butler had an anti-social personality disorder, that he had a pervasive pattern of disregard for the rights of others occurring since age fifteen, and that he failed to conform to social norms with respect to lawful behavior inside and outside of prison. The evaluation also revealed that between 1987 and 2000, Butler continuously violated institutional rules, which included fighting, threats, disobeying orders, and being disrespectful.
 {¶ 9} The report revealed that the clinic gave Butler the Static-99 test, an actuarial instrument used to assess the risk for sexual reoffending. Butler's score on the Static-99 test was in the high risk category, which equated to an actuarially-determined recidi-vism rate of 39% in five years, 45% in ten years, and 52% in fifteen years.
 {¶ 10} In finding Butler to be a sexual predator, the trial court relied on Butler's prior criminal history, the use of force in committing several of these crimes, the diagnosis of anti-social personality disorder, the history of alcohol and cannabis abuse, the use of a knife in commission of the underlying offense, and the Static-99 test results. Based on these factors, the trial court classified Butler as a sexual predator.
 Sexual Predator Classification {¶ 11} In the first assigned error, Butler argues the trial court's order finding him to be a sexual predator was not based on clear and convincing evidence. We disagree.
 {¶ 12} R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually-oriented offenders.[1] To earn the designation of sexual predator, the defendant must have been convicted of or pleaded guilty to committing a sexually-oriented offense and must be found by the Court as likely to engage in the future in one or more sexually-oriented offenses.[2]
 {¶ 13} The trial court must determine by clear and convincing evidence that the offender is a sexual predator.[3] Clear and convincing does not mean clear and unequivocal; rather, it refers to "that measure or degree of proof, which will produce in the mind of the trier of the fact a firm belief or conviction as to the facts sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases."[4]
 {¶ 14} R.C. 2950.09(B)(3) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute.
 {¶ 15} Pursuant to R.C. 2950.09(B)(3), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually-oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender has been convicted of any criminal offense and whether that offense was a sexual offense, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct.[5]
 {¶ 16} The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to the defendant in order to conclude the defendant is a sexual predator.[6]
 {¶ 17} In State v. Hills[7] we explained our standard of review of a sexual predator classification as follows:
"[T]his court's role is to determine whether the weight of the evidence supports the trial court's decision. State v. Cook,
supra, 83 Ohio St. 3d at 426; State v. Childs,142 Ohio App. 3d 389, 755 N.E.2d 958 (Apr. 19, 2001). Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273; State v. Cook, supra, 83 Ohio St. 3d 404;State v. Steele, supra, 2000 Ohio App. LEXIS 4046. Moreover, this court must be mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967),10 Ohio St. 2d 230, 39 Ohio Op. 2d 366, 227 N.E.2d 212, syllabus 1."
 {¶ 18} We conclude the record sufficiently supports Butler's sexual predator classification. First, the court ordered a psychiatric evaluation of Butler. Butler was given a battery of tests. The results of the Static-99 test placed Butler in the high risk category for recidivism. The test indicated a 39% chance of re-offending in five years, a 45% chance of reoffending in ten years, and a 52% chance of reoffending in fifteen years. These scores weighed heavily in the trial court's determination. The trial court stated as follows:
"I also put emphasis on the Static 99 scores even if you adjust one of the levels that Mr. Pinto suggested that he was a young man at the time, the age would indicate that there is a significant possibility of re-offending over a period of time."[8]
 {¶ 19} Second, the trial court considered Butler's significant criminal history beginning at age fourteen through age nineteen. The trial court noted Butler's use of force and his multiple convictions for robbery.
 {¶ 20} Third, the trial court considered Butler's diagnosis of anti-social personality disorder, along with his history of alcohol and cannabis abuse. The trial court noted that throughout the course of Butler's incarceration, he had to be disciplined several times each year.
 {¶ 21} Fourth, the trial court considered the underlying crime. The trial court noted that although the facts of the original crime were not clear, Butler pleaded guilty. The trial court further noted that Butler stabbed the victim with a knife.
 {¶ 22} Based on our review of the record, we conclude that clear and convincing evidence supports the trial court's determination that Butler is a sexual predator. Accordingly, we overrule Butler's first assigned error.
 Prohibition Against Ex Post Facto Laws {¶ 23} In his second assigned error, Butler contends that R.C. 2950.01 et seq., the sexual predator statute, violates Section 10, Article I of the United States Constitution as ex post facto legislation and violates Section 28, Article II of the Ohio Constitution as retroactive legislation. In maintaining this proposition, Butler asserts that the enactment of Senate Bill 5, which repeals his right to have his sexual predator classification revisited, is unconstitutional as ex post facto legislation. We disagree.
 {¶ 24} This court has previously rejected this identical argument.[9] We concluded that the United States Supreme Court and Ohio Supreme Court have determined that these types of sexual offender registration laws are not punitive in nature and, therefore, do not violate the prohibition against ex post facto laws.[10] Accordingly, pursuant to this court's precedent, we conclude R.C. 2950.09 is constitutionally valid. Hence, Butler's second assigned error is without merit and overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Mary Eileen Kilbane, J.,concur.
[1] State v. Cook, 83 Ohio St.3d 404 at 407, 1998-Ohio-291.
[2] R.C. 2950.01(E).
[3] R.C. 2950.09(B)(4).
[4] State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
[5] R.C. 2950.09(B)(3)(a) through (j).
[6] State v. Fugate (Feb. 2, 1998), 12th Dist. No. CA97-03-065.
[7] Cuyahoga App. No. 78546, 2002-Ohio-497.
[8] Tr. at 20-21.
[9] State v. Fleming, Cuyahoga App. No. 85328, 2006-Ohio-706;State v. Baron, 156 Ohio App.3d 241, 246, 2004-Ohio-747; Statev. Walker, Cuyahoga App. No. 86216, 2006-Ohio-108; State v.Shelton, Cuyahoga App. No. 83289, 2004-Ohio-5484.
[10] See State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291;Smith v. Doe (2003), 538 U.S. 84, 155 L.Ed.2d 164,123 S.Ct. 1140.