JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Kenneth McCown, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} This is a sexual predator classification appeal. In 1994, appellant was convicted on his guilty pleas to rape, gross sexual imposition, and domestic violence. He was sentenced to six to twenty-five years in prison. In 2006, the state filed a motion requesting that appellant be adjudicated a sexual predator. In 2007, the court conducted a H.B. 180 hearing and classified appellant as a sexual predator.
 {¶ 3} Appellant was sentenced to concurrent sentences of six to twenty-five years, eighteen months, and thirty days in prison. Appellant originally appealed his conviction to this court alleging he could not be convicted of gross sexual imposition when the alleged victim was his wife, that the trial court erroneously accepted a plea without conducting an examination as to its factual basis, and that the trial court violated Crim.R. 11 by failing to inform him that rape was a nonprobationable offense. Appellant's conviction was affirmed inState v. McCown (Nov. 12, 1996), Cuyahoga App. No. 69683.
 {¶ 4} Appellant later filed a petition for postconviction relief on September 20, 1996, claiming he was denied the effective assistance of counsel at trial. He argued trial counsel induced him to plead guilty by promising him that he would receive a flat *Page 4 
sentence of five years and would receive shock probation after six months. He argued that, had he known he would not receive flat time, he would have proceeded to trial. He also argued trial counsel improperly failed to file a motion to withdraw his guilty plea.
 {¶ 5} The trial court denied the petition without a hearing and concluded all of the issues raised either were or could have been raised and disposed of in the delayed appeal to this court. They could also have been raised on appeal to the Ohio Supreme Court. Because petitioner failed to raise these claims prior to this petition, they are now barred by the doctrine of res judicata.
 {¶ 6} Appellant then appealed to this court again and argued the trial court erred by denying him a hearing on his petition for postconviction relief. He argued that res judicata did not bar his petition for postconviction relief, because trial counsel's inducements were made off the record and could not have been raised on direct appeal since they were not part of the record on appeal. This court affirmed the decision of the trial court in State v. McCown (Nov. 13, 1997),
 {¶ 7} Cuyahoga App. No. 72604. Later, in 2007, a H.B. 180 sexual predator classification hearing was held and appellant was classified a sexual predator. Appellant now appeals the lower court's sexual predator classification.
 II *Page 5 {¶ 8} Appellant's first assignment of error provides the following: "R.C. 2950.01 et seq., as applied to Mr. McCown, violates Art. I, Sect. 10 of the United States Constitution as ex post facto legislation, and violates Art. II, Sect. 28 of the Ohio Constitution as retroactive legislation."
 {¶ 9} Appellant's second assignment of error provides the following: "The trial court improperly considered uncharged sexual acts as an aggravating factor in determining that appellant is a sexual predator."
 {¶ 10} Appellant's third assignment of error provides the following: "The evidence is insufficient, as a matter of law, to prove by `clear and convincing evidence' that Mr. McCown is likely to engage in the future' in one or more sexually oriented offense[s]."
 III {¶ 11} Appellant argues in his first assignment of error that R.C.2950.01 violates Section 10, Article I, of the United States Constitution as ex post facto legislation, and violates Section 28, Article II, of the Ohio Constitution as retroactive legislation.
 {¶ 12} This court has previously rejected the argument raised by appellant under this assignment of error. We have repeatedly held that R.C. 2950.01 et seq., even as amended by S.B. 5, does not violate either the Ohio or United States constitutions as ex post facto or retroactive legislation, e.g., State v. Butler, *Page 6 
Cuyahoga App. No. 86554, 2006-Ohio-4492; State v. Woodruff, Cuyahoga App. No. 85026, 2005-Ohio-4808; State v. Baron, 156 Ohio App.3d 241,246, 2004-Ohio-747, 805 N.E.2d 173; State v. Walker, Cuyahoga App. No. 86216, 2006-Ohio-108; State v. Pierce, Cuyahoga App. 88470,2007-Ohio-3665.
 {¶ 13} Accordingly, we overrule appellant's first assignment of error.
 {¶ 14} Appellant argues in his second assignment of error that the lower court improperly considered uncharged sexual acts as an aggravating factor. We disagree.
 {¶ 15} In the case at bar, the state entered the court psychiatric clinic's evaluation into evidence as state's exhibit 1, without objection. This report summarized, among other topics, appellant's adjustment to incarceration. Material included at the H.B. 180 packet indicated that in September 2001, appellant received fifteen days in disciplinary segregation for masturbating in front of a female corrections officer. It also indicated that appellant was placed in disciplinary segregation for fifteen days in August 2002 for exposing himself to a female corrections officer. The admission of these acts into evidence demonstrated appellant's propensity to participate in unsolicited noncontact sexual activity.
 {¶ 16} These incidents are relevant and demonstrate that appellant is prone to engage in one or more sexual offenses in the future. Accordingly, the evidence demonstrates that the lower court did not abuse its discretion by considering *Page 7 
appellant's institutional sexual acts as an aggravating factor when determining appellant's sexual predator status.
 {¶ 17} Accordingly, appellant's second assignment is overruled.
 {¶ 18} Appellant argues in his third assignment of error that the evidence is insufficient to prove by clear and convincing evidence that he is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 19} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264, the Ohio Supreme Court recently clarified the standard of review applicable to sex offender classifications. The Wilson court held that "[b]ecause sex offender classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex offender classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." Id., at the syllabus.
 {¶ 20} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference than the criminal standard." Id., citingBarkley v. Barkley (1997), 119 Ohio App.3d 155, 694 N.E.2d 989. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed." Id., citingC.E. Morris Co. v. Foley Constr Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. *Page 8 
 {¶ 21} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of, or pled guilty to, committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The state
has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson, supra; R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that `will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' (Internal citations omitted.) To meet the clear-and-convincing standard requires a higher degree of proof than a preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.' State v. Ingram (1992), 82 Ohio App.3d 341, 346,612 N.E.2d 454." Wilson, supra.
 {¶ 22} In making a determination as to whether an offender is a sexual predator pursuant to R.C. 2950.09(B)(3), the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sexual offenses. These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any *Page 9 
available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C.2950.09(B)(3)(a)-(j).
 {¶ 23} At the hearing, the trial court should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v.Thompson, 92 Ohio St.3d 584, 588, 2001-Ohio-1288, 752 N.E.2d 276;State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103.
 {¶ 24} However, the trial court is not required to "tally up or list the statutory factors in any particular fashion." State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, quoting State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001),143 Ohio App.3d 86, 757 N. E.2d 413.
 {¶ 25} In the case at bar, we find no error in the trial court's adjudicating appellant as a sexual predator. The evidence demonstrates that the trial court relied on the factors in R.C. 2950.09(B)(3). The court noted that at the time the abuse occurred appellant was 39 years old and the victim was appellant's 12-year-old stepdaughter. Appellant's sexual offenses included the four sexual charges to which *Page 10 
appellant is currently serving time and two incidents of sexual exposure while appellant was in prison.
 {¶ 26} Appellant's sexually oriented offense involved multiple victims. Appellant also refused to participate in available programs for sexual offenders by saying, "I didn't want to go around no `baby rapers' because I might kill them or they might kill me." Appellant also acknowledged having sex with his 12-year-old stepdaughter with the hope that the parole board would grant him parole. However, for purposes of his sexual predator hearing, appellant expressly denied having sex with his stepdaughter, claiming that his wife was the only one who had sexual contact with the victim.
 {¶ 27} Moreover, the evidence submitted in the state's exhibits demonstrated that appellant egregiously displayed cruelty to both of his victims, including accounts of appellant raping one victim with a bedpost. The court also determined that the nature of appellant's relationship with his victims clarified the force of his control over them. The court also considered appellant's STATIC-99 score, which illustrated appellant's moderate to high probability of recidivism. Then based on all of the evidence, the court determined by clear and convincing evidence that appellant was likely to engage in one or more sexual offenses in the future.
 {¶ 28} Appellant has failed to take responsibility for his actions and continued to place blame on his wife for his stepdaughter's sexual abuse. Appellant has also *Page 11 
refused to participate in sexual offender programs. Moreover, appellant has continued to participate in unsolicited deviant sexual behavior by exposing himself and masturbating in front of female guards while incarcerated.
 {¶ 29} Accordingly, we find ample competent, credible evidence to support the trial court's adjudication of appellant as a sexual predator.
 {¶ 30} Therefore, appellant's third assignment of error is overruled.
 {¶ 31} Accordingly, we affirm appellant's sexual predator adjudication.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P. J., and CHRISTINE T. McMONAGLE, J., CONCUR. *Page 1