JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Patrick Casey ("defendant"), appeals the judgment of the Common Pleas Court adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On September 16, 1986, defendant pled guilty to one count of gross sexual imposition after sexually abusing his 12-year-old step-daughter. On March 9, 1993, defendant pled guilty to one count of rape and one count of gross sexual imposition. The charges stemmed from a pattern of sexual abuse against his four-year-old step-granddaughter.
 {¶ 3} On June 13, 2007, the trial court conducted a sexual predator hearing and adjudicated defendant a sexual predator. Defendant now appeals and asserts two assignments of error for our review.
 {¶ 4} "I. The evidence is insufficient, as a matter of law, to prove by `clear and convincing evidence' that appellant is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 5} The law in effect at the time of defendant's hearing, R.C. 2950.09(B)(4),[1] requires a trial court to determine by clear and convincing evidence that an offender is a sexual predator. A sexual predator is an individual who has *Page 4 
been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C. 2950.01(E)(1).
 {¶ 6} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 7} A trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence. State v. Purser (2003), 153 Ohio App.3d 144, 149. A trial court may find an offender to be a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense."State v. Randall *Page 5 
(2001), 140 Ohio App.3d 160, 166. The court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. State v. Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 8} After reviewing the record, we conclude that the trial court did not err when it classified defendant as a sexual predator. Here, the evidence demonstrated that the defendant was 24 years of age at the time of the first incident and that the victim was his 12-year-old step-daughter. The second incident occurred seven years later and involved his four-year-old step-granddaughter. Although the children were not his blood relatives, clearly, there was a position of trust between the defendant and his two victims. The trial court also noted that it was significant that defendant's account of the offense to the court's psychiatric clinic was not consistent with the physical findings regarding the four-year-old victim, which indicated serious sexual conduct, including possible vaginal and anal intercourse.
 {¶ 9} Defendant argues that, notwithstanding the court's findings, most of the statutory factors weighed against a sexual predator determination and that he scored in the low-risk-to-reoffend range in the Static-99 report, a series of tests designed to recognize if a sexual offender is likely to reoffend.
 {¶ 10} A trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. State v. Robertson (2002), 147 Ohio App.3d 94, 101. Rather, the psychiatric evidence is to *Page 6 
be viewed in totality with the other evidence before the court. Id. This Court has consistently held that a "low risk" result from standardized testing does not preclude a sexual predator adjudication. See State v.Purser, supra; State v. Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967; State v. Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024. Specifically, "the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must * * * not be blindly relied upon." State v. Purser, supra at ¶ 42.
 {¶ 11} Here, we find that there was competent, credible evidence to support the trial court's finding that the State proved by clear and convincing evidence that defendant is a sexual predator. See State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. Although we recognize that some evidence weighs in defendant's favor, this does not imply that the court erred in adjudicating defendant a sexual predator. It is clear from the record that the court considered the evidence and balanced the factors when it concluded that defendant possessed a likely risk to recidivate. We find that the factors relied upon by the trial court, when taken together, are sufficient to support its conclusion by clear and convincing evidence.
 {¶ 12} Assignment of Error I is overruled.
 {¶ 13} "II. R.C. 2950.01 et seq., as applied to Mr. Casey, violates Art. I Sec. 10, of the United States Constitution, as ex post facto legisation [sic], and violates Art. II Sec. 28, of the Ohio Constitution as retroactive legislation." *Page 7 
 {¶ 14} In his second assignment of error, defendant argues that the trial court's finding that he is a sexual predator constitutes an additional criminal punishment and violates constitutional prohibitions against ex post facto and retroactive legislation.
 {¶ 15} R.C. Chapter 2950 was determined to be constitutionally valid in State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291. There the Supreme Court held the statue was neither impermissibly retroactive nor an ex post facto law:
 {¶ 16} "* * * R.C. Chapter 2950 serves the sole remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one.Dept of Revenue v. Kurth Ranch, 511 U.S. 767 at 777, fn. 14,128 L.Ed.2d 767, 114 S.Ct. 1937. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the ex post facto clause because its provisions serve the remedial purpose of protecting the public." Cook, 83 Ohio St.3d 404 at 423.
 {¶ 17} Notwithstanding this established case law, defendant argues that Senate Bill 5,[2] which prohibits a sexual predator from applying for reconsideration of that classification at a later date, renders R.C. 2950 unconstitutional. This Court has repeatedly addressed this issue and has consistently held that these types of sexual *Page 8 
offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws, without reference to the ability of the offender to petition for revision of the classification. See State v. Butler, Cuyahoga App. No. 86554, 2006-Ohio-4492; State v.Woodruff, Cuyahoga App. No. 85026, 2005-Ohio-4808; State v. Baron,156 Ohio App.3d 241, 246, 2004-Ohio-747; State v. Walker, Cuyahoga App. No. 86216, 2006-Ohio-108; State v. Pierce, Cuyahoga App. 88470,2007-Ohio-3665. See, also, Smith v. Doe (2003), 538 U.S. 84,155 L.Ed.2d 164, 123 S.Ct. 1140. Accordingly, we decline to revisit this issue. Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and does not violate the defendant's rights.
 {¶ 18} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, ADMINISTRATIVE JUDGE CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR
[1] R.C. 2950.09 was repealed effective January 1, 2008.
[2] Effective July 31, 2003. *Page 1