JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Rodney Saddler ("defendant"), appeals the judgment of the Cuyahoga County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On July 19, 1990, defendant pled guilty to one count of rape in violation of R.C. 2907.02, and count of aggravated burglary in violation of R.C. 2911.11. The charges stemmed from an incident that occurred when defendant forcibly raped and beat a 12-year-old girl after breaking into her home.
 {¶ 3} On June 20, 2007, the trial court conducted a sexual predator hearing and adjudicated defendant a sexual predator.
 {¶ 4} Defendant now appeals and asserts four assignments of error for our review, which shall be addressed together where appropriate.
 {¶ 5} "I. The trial court erred in adjudicating Mr. Saddler a sexual predator in the absence of sufficient evidence that would establish by clear and convincing evidence the likelihood he would engage in a sexually oriented offense in the future.
 {¶ 6} "II. The trial court failed to conduct an adequate classification hearing as required by State v. Eppinger (2001),91 Ohio St.3d 158 and in violation of appellant's State and Federal due process rights." *Page 4 
 {¶ 7} The law in effect at the time of defendant's hearing, R.C. 2950.09(B)(4),[1] requires a trial court to determine by clear and convincing evidence that an offender is a sexual predator. A sexual predator is an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C. 2950.01(E)(1).
 {¶ 8} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 9} A trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is *Page 5 
grounded upon clear and convincing evidence. State v. Ferguson, Cuyahoga App. No. 88450, 2007-Ohio-2777; State v. Purser (2003),153 Ohio App.3d 144, 149. A trial court may find an offender to be a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." State v. Randall (2001),140 Ohio App.3d 160, 166. The court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. State v.Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 10} After reviewing the record, we conclude that the trial court did not err when it classified defendant as a sexual predator. Here, the evidence demonstrated that the defendant was 18 years of age at the time of the rape and that the victim was 12 years old. The nature of the defendant's conduct during the commission of the sexually oriented offense indicated the potential for cruelty, since the defendant pulled the victim's hair and struck her several times with a closed fist when she resisted him. The defendant had a lengthy juvenile record including a conviction for vehicular manslaughter, which he was on probation for at the time of the rape. The basis for the court's decision is clear on the record.
 {¶ 11} Defendant argues that, notwithstanding the court's findings, most of the statutory factors weighed against a sexual predator determination and that he scored *Page 6 
in the low-risk-to-reoffend range in the Static-99 report, a series of tests designed to recognize if a sexual offender is likely to reoffend.
 {¶ 12} A trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. State v. Robertson (2002), 147 Ohio App.3d 94, 101. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id. This Court has consistently held that a "low risk" result from standardized testing does not preclude a sexual predator adjudication. See State v. Purser (2003), 153 Ohio App.3d 144;State v. Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967; State v.Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024. Specifically, "the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must * * * not be blindly relied upon." State v. Purser, supra at ¶ 42.
 {¶ 13} Here, we find that there was competent, credible evidence to support the trial court's finding that the State proved by clear and convincing evidence that defendant is a sexual predator. See State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. Although we recognize that some evidence weighs in defendant's favor, this does not imply that the court erred in adjudicating defendant a sexual predator. It is clear from the record that the court considered the evidence and balanced the factors when it concluded that defendant possessed a likely risk to recidivate. We find that the factors relied upon by the trial court, when taken together, are sufficient to support its conclusion by clear and convincing evidence. *Page 7 
 {¶ 14} Assignments of Error I and II are overruled.
 {¶ 15} "III. R.C. 2950.01 et seq., as amended by Senate Bill 5 and applied to appellant, violates the prohibition on ex post facto and retroactive legislation as established by Article I, Section 10 of the United States Constitution and Article II, Section 28 of the Ohio Constitution.
 {¶ 16} "IV. R.C. § 2950.031 violates the due process clauses of the United States and Ohio Constitution."
 {¶ 17} In his third and fourth assignments of error, defendant argues that the trial court's finding that he is a sexual predator constitutes an additional criminal punishment and violates constitutional prohibitions against ex post facto and retroactive legislation.
 {¶ 18} R.C. Chapter 2950 was determined to be constitutionally valid in State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291. There, the Supreme Court held the statute was neither impermissibly retroactive nor an ex post facto law:
 {¶ 19} "* * * R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one.Dept. of Revenue v. Kurth Ranch, 511 U.S. 767 at 777, fn. 14,128 L.Ed.2d 767, 114 S.Ct. 1937. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the ex post facto clause *Page 8 
because its provisions serve the remedial purpose of protecting the public." State v. Cook, supra.
 {¶ 20} Notwithstanding this established case law, defendant argues that Senate Bill 5,[2] which prohibits a sexual predator from applying for reconsideration of that classification at a later date and establishes residency requirements,[3] renders R.C. 2950
unconstitutional.
 {¶ 21} This Court has repeatedly addressed the reconsideration issue and has consistently held that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws, without reference to the ability of the offender to petition for revision of the classification. SeeState v. Butler, Cuyahoga App. No. 86554, 2006-Ohio-4492; State v.Woodruff, *Page 9 
Cuyahoga App. No. 85026, 2005-Ohio-4808; State v. Baron,156 Ohio App.3d 241, 246, 2004-Ohio-747; State v. Walker, Cuyahoga App. No. 86216,2006-Ohio-108; State v. Pierce, Cuyahoga App. 88470, 2007-Ohio-3665. See, also, Smith v. Doe (2003), 538 U.S. 84, 155 L.Ed.2d 164,123 S.Ct. 1140. Accordingly, we decline to revisit this issue.
 {¶ 22} With regard to the residency requirement, the United States Supreme Court has held that laws imposing regulatory burdens on individuals convicted of crimes without any corresponding risk assessment do not impose ex post facto punishment. State v.Ferguson, supra, citing De Veau v. Braisted (1960), 363 U.S. 144 at 160,80 S.Ct. 1146, 4 L.Ed.2d 1109. Specifically, a State's determination to legislate a residency restriction on convicted sex offenders as a class, rather than require an individual determination of their dangerousness, does not make the residency restriction a punishment under the ex post facto clause. State v. Ferguson, supra, citing Smith v. Doe (2003),538 U.S. 84, 104, 123 S.Ct. 1140, 155 L.Ed.2d 164.
 {¶ 23} Moreover, the defendant waived this issue by not raising it in the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Smith (1991),61 Ohio St.3d 284, 293. *Page 10 
 {¶ 24} Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and does not violate the defendant's rights.
 {¶ 25} Assignments of error III and IV are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and KENNETH A. ROCCO, J., CONCUR
[1] R.C. 2950.09 was repealed effective January 1, 2008.
[2] Effective July 31, 2003.
[3] R.C. 2950.031 provides as follows:
"(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises.
"(B) If a person to whom division (A) of this section applies violates division (A) of this section by establishing a residence or occupying residential premises within one thousand feet of any school premises, an owner or lessee of real property that is located within one thousand feet of those school premises, or the prosecuting attorney, village solicitor, city or township director of law, similar chief legal officer of a municipal corporation or township, or official designated as a prosecutor in a municipal corporation that has jurisdiction over the place at which the person establishes the residence or occupies the residential premises in question, has a cause of action for injunctive relief against the person. The plaintiff shall not be required to prove irreparable harm in order to obtain the relief." *Page 1